IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | Subchapter V |
| Fye Sports Cards, LLC | Case No. 24-31613 |
| Debtor. | **Eduardo V. Rodriguez** |

**DECLARATION OF DAVID MICHAEL FYE, PRESIDENT, IN SUPPORT OF THE DEBTOR'S CHAPTER 11 PETITION AND FIRST DAY MOTIONS**

I, DAVID MICHAEL FYE, do hereby declare, under penalty of perjury, that:

1. I am the President of the above-captioned debtor in possession (the "Debtor").

2. I have served as President of the Debtor since January 19, 2021. In my capacity as President, I am generally familiar with the Debtor's day-to-day operations, business and financial affairs, and books and records. I submit this declaration to assist the Bankruptcy Court and parties in interest in understanding the circumstances compelling the filing of the Chapter 11 petition of the Debtor.

3. All facts in this declaration are based upon my personal knowledge, my discussions with the Debtor's management team and professionals, my review of relevant documents and information concerning the Debtor's operations, financial affairs, and restructuring initiatives. I am over the age of eighteen years of age and authorized to submit this declaration behalf of the Debtor. If I were called to testify, I would testify to the facts set forth in this declaration.

**Company and Business Overview**

4. The Debtor is a manager managed limited liability company incorporated in the State of Texas on January 19, 2021. I am the Debtor's sole member and officer.

1

### A. The Debtor's Assets and Prepetition Financing

5. The Debtor's primary asset is its collectible trading cards. The Debtor is a counterparty to a commercial lease agreement and leases office space from SVAP III TC Colleyville, LLC.

6. The vast majority of the Debtor's liability is comprised of unsecured debt in the amount of $1,537,198.97.

7. While the Debtor has enjoyed several years of profitability, the Debtor did not have sufficient liquidity on the Petition Date to its unsecured debt obligations, causing the Debtor to seek to restructure its financial affairs by filing a voluntary petition for Chapter 11 on April 10, 2024.

## First Day Relief

8. As a result of my first-hand knowledge and experience, and through my review of the various materials and information, I have formed opinions as to (a) the necessity of obtaining the relief sought by the Debtors in the First Day Motions described below, and (b) the immediate and irreparable harm to which the Debtor and its business will be exposed unless the relief in requested in the First Day Motions is granted. I submit this declaration in support of the Petition and the First Day Motions filed.

9. I participated in the preparation of the First Day Motions and have reviewed each of the First Day Motions (including exhibits attached) and, to the best of my knowledge, believe the facts set forth therein are true and correct. The Debtor seeks expedite consideration of the First Day Motions and summarize the requested relief as follows:

   **A. Debtors' Emergency Motion for (I) Interim Use of Cash Collateral Pursuant to 11 U.S.C. 363(c), (II) Granting Adequate Protection for the Use of Collateral and**

**(III) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001 As to the Use of Cash Collateral (the "Cash Collateral Motion").**

10. Capital One and Simply Funding (together, the "Secured Lenders") are asserting liens on cash collateral and the Debtor requires the immediate of their cash collateral in order to fund necessary operating expenses to preserve the Debtor's estate. The Debtors have proposed the interim use of the cash collateral of the Secured Lenders by providing certain adequate protection as provided in the Cash Collateral Motion. The expenses listed on the budget attached to the Cash Collateral Motion are necessary expenses required by the Debtor in order to continue its operations; without approval of these expenses, the Debtor would be forced to shut down its operations.

**B. Debtors' Emergency Motion for Order (I) Prohibiting Utility Providers from Altering, Refusing, or Discontinuing Services and (II) Establishing Procedures for Determining Requests for Additional Adequate Assurance (the "Utility Motion").**

11. In order to prevent disruption of service by certain utility providers utilized by the Debtor in the ordinary course of business, the Debtor propose certain adequate protection to these utility providers and procedures to request additional adequate protection. It is in the best interest of the Debtors' estates to ensure uninterrupted service utilized by the Debtors' tenants.

**C. Debtors' Cash Management (the "Cash Management Motion").**

12. The Debtor maintains two depository accounts at Prosperity Bank and requests interim use of these accounts to process customer payments, payroll, and other operating expenses. The Debtor believes the entry of a final order authorizing the use of the accounts through May 10, 2024 should ensure the Debtor an appropriate amount of time to convert the depository accounts to debtor in possession accounts or restyle the accounts to reflect debtor in possession status.

**Conclusion**

In conclusion, for the reasons state herein and in each of the First Day Motions, I respectfully request that each of the First Day Motions be granted in its entirety, together with such other and further relief as this Court deems just and proper.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: April 10, 2024

By: */s/David Michael Fye*
David Michael Fye
Managing Member
